**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BONITA JOHNSON, f/k/a Bonita
Anderson,

    Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; TOPEKA
CORRECTIONAL FACILITY;
NURSES STAFF, TOPEKA
CORRECTIONAL FACILITY,

    Defendants-Appellees.

No. 96-3314
(D.C. No. 96-CV-3376)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Johnson, a *pro se* plaintiff proceeding *in forma pauperis*, filed the present action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Kansas, seeking one billion dollars in damages. In her complaint, Ms. Johnson claims that while she was detained in the Topeka Correctional Facility, its employees violated her constitutional rights by assigning her to a top bunk even though the employees knew she "had a Class II medical"; Ms. Johnson fell from the bunk injuring her knee. Ms. Johnson alleges the employees' failure to properly perform their duties and their failure to properly treat her resulted in her injuries.

The district court dismissed the § 1983 action for its failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Specifically, the district court held Ms. Johnson's allegation the employees acted with mere negligence insufficient to state a claim under § 1983. Ms. Johnson filed a notice of appeal and an application to proceed on appeal *in forma pauperis* with this court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny Ms. Johnson's motion to proceed *in forma pauperis*, and dismiss her appeal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Initially, we note Ms. Johnson attempts to raise claims before this court not presented to the district court. However, even though Ms. Johnson is proceeding *pro se* such that her pleadings are construed liberally, it is a general rule this court

will not consider claims a plaintiff failed to raise in the district court. *United States v. Edwards*, 69 F.3d 419, 427 n.5 (10th Cir. 1995) (a pro se party must follow the same rules of procedure governing other litigants), *cert. denied*, 116 S. Ct. 2497 (1996); *Walker v. Mathers (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (general rule that a federal appellate court does not consider an issue not before the district court). Because Ms. Johnson has not attempted to convince us otherwise, we apply that general rule here.

As to Ms. Johnson's claim her constitutional rights were violated due to the employees' negligence, we agree with the district court Ms. Johnson fails to state a claim under 42 U.S.C. § 1983.[1] 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid a waste of judicial resources, we therefore deny Ms. Johnson's motion to proceed *in forma pauperis*, and dismiss her appeal for failure to state a claim pursuant to 28

---

[1] Although Ms. Johnson alleges the employees "left me walking for 4 weeks without nothing," such factual allegations are insufficient to show the employees acted with the requisite degree of culpability necessary to state a claim under 42 U.S.C. § 1983. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) (under § 1983, liability is predicated on the defendant's deliberate deprivation of constitutional rights, and not on negligence); *Handy v. Price*, 996 F.2d 1064, 1066 (10th Cir. 1993) (prisoner advancing a claim of inadequate medical care must allege "deliberate indifference" to "serious" medical needs). Here, Ms. Johnson fails to allege facts showing the employees acted with intent to deprive her of her constitutional rights, or acted with deliberate indifference to her medical needs. Consequently, Ms. Johnson fails to state a claim under 42 U.S.C. § 1983.

U.S.C. § 1915(e)(2)(B)(ii) for substantially the same reasons given by the district

court. A copy of the district court's order is attached hereto.


**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge