**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWARD RICHARD NEWTON,

Plaintiff-Appellant,

v.

SOCORRO COUNTY,

Defendant-Appellee.

No. 97-2174
(D.C. No. CIV-97-236-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's sua sponte dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). A district court may dismiss an *in forma pauperis* complaint under § 1915(e)(2)(B)(i), (ii) if it determines that the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. A dismissal under Rule 12(b)(6) is proper "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir.) (quotation omitted), cert. denied, 118 S. Ct. 55 (1997). A sua sponte dismissal under Rule 12(b)(6) is proper when "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). Because plaintiff is a pro se litigant, we construe his allegations liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In his complaint, plaintiff alleged that during his nine-month pretrial detention in the Socorro County jail, his repeated requests for corrective surgery for his chronically painful varicose veins were denied pursuant to an unidentified county policy. The district court concluded that, even if one assumed that

plaintiff's varicose veins constituted a serious medical condition, his allegations did not show deliberate indifference to his condition.

As a pretrial detainee, the Eighth Amendment standard for medical attention applies to plaintiff. See Barrie v. Grand County, Utah, 119 F.3d 862, 867 (10th Cir. 1997). Only the "unnecessary and wanton infliction of pain" violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Therefore, to state a cognizable claim plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. "[A]n official acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." Barrie, 119 F.3d at 869.

The conclusory allegations in plaintiff's complaint do not state an Eighth Amendment claim. Moreover, even if we were to consider the additional facts provided by plaintiff on appeal, they demonstrate that plaintiff suffered at most only a delay in medical treatment. After he returned to the custody of the Colorado Department of Corrections, plaintiff received the corrective surgery. A delay in medical treatment for a serious medical need does not violate a prisoner's constitutional rights unless the prisoner can show that the delay resulted in substantial harm. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.

-3-

1993). Plaintiff has made no showing of substantial harm resulting from the delay.

Therefore, we AFFIRM the judgment of the district court dismissing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6). We note that plaintiff's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). Plaintiff is hereby notified that three filings of cases that are dismissed or affirmed on the basis that they are frivolous or fail to state a claim under § 1915(g) will result in him being unable to proceed *in forma pauperis* under the provisions of § 1915(g). [1] Defendant's motion to strike is DENIED as moot.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1] On June 24, 1997, this court entered an order assessing plaintiff fees and costs in the amount of $105.00 for this appeal. Plaintiff has yet to pay any portion of the assessment. While it appears that plaintiff is unable to pay the assessment at this time, plaintiff is hereby notified that he remains under a continuing obligation to pay the fees and costs assessed. Failure to pay the fees and costs as required will be recorded by the Clerk of the Court of the United States Court of Appeals and such information will be provided to this court upon the filing of any future appeals in the Tenth Circuit.