UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

IN RE:  JAMES RALPH WHITSELL, JR.,

        Plaintiff - Appellant.

No. 98-5071

(98-mc-11)

(N.D. Okla.)

---

ORDER

Filed November 20, 1998

---

Before ANDERSON, McKAY, and LUCERO, Circuit Judges.

---

The court's original order and judgment is withdrawn.  An amended order and judgment is attached to this order.  This amended version is filed nunc pro tunc to November 13, 1998, the date of the court's original disposition.

                              Entered for the Court
                              Patrick Fisher, Clerk of Court

                          By:
                              Keith Nelson
                              Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

NOV 13 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IN RE: JAMES RALPH WHITSELL, JR.,

    Plaintiff - Appellant.

No. 98-5071

(98-mc-11)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Plaintiff-Appellant's brief and the record in this matter, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant first filed an affidavit of financial status on April 2, 1998, for the purpose of asserting a discrimination claim and proceeding in forma pauperis in the district court. By checking the appropriate box on the back of the IFP form,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court denied Appellant leave to proceed IFP on April 14, 1998. Although the district court did not expressly indicate the basis for its denial of leave to proceed IFP, a subsequent order by the court states that it denied Appellant IFP status "because his affidavit did not establish indigence, as it set forth monthly income of $600.00 per month and monthly rent of $245.00, with no additional information." R., Vol. 1, Doc. 7. Apparently in response to the district court's denial of leave to proceed IFP, Appellant filed a document entitled "Affidavit" on April 24, 1998. Because the document expresses an intent to appeal the district court's denial of leave to proceed IFP, the clerk of the district court designated it as a notice of appeal.

On May 7, 1998, Appellant next filed a motion seeking leave to proceed IFP on appeal along with a second financial affidavit. The second financial affidavit indicated that Appellant no longer had any source of income while his monthly debts totaled $350.00. On May 27, 1998, the district court entered an order denying Appellant's motion for leave to proceed IFP on appeal, stating that it was denying leave to appeal IFP "[f]or the same reason underlying the earlier decision," id., i.e., Appellant had not presented sufficient evidence of indigence. However, because the order does not refer to Appellant's May 7, 1998 financial affidavit, it is impossible to tell whether the court considered Appellant's altered financial status.

-2-

On June 10, 1997, Appellant filed a motion for leave to proceed IFP on appeal in this court, along with an opening brief and another pleading. The motion for leave to proceed IFP on appeal again states that Appellant has no income but that he received a social security payment in the amount of $500.00. We review the district court's denial of leave to proceed IFP on appeal for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Treff v. Galetka, 74 F.3d 191, 196-97 (10th Cir. 1996).

To proceed IFP on appeal, Appellant must demonstrate "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991); see Coppedge v. United States, 369 U.S. 438, 445-48 (1962). The district court denied IFP status on appeal because it believed that Appellant had not sufficiently established indigence. In light of Appellant's second financial affidavit, which the court apparently failed to evaluate, this decision may have been erroneous. However, even considering the possibility that Appellant has experienced an increased level of poverty, we decline to grant Appellant leave to proceed IFP on appeal and dismiss this action because it fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); see, e.g., Newton v. Moten, 153 F.3d 727 (10th Cir. 1998) (Table) (denying motion to proceed IFP and dismissing appeal as frivolous

pursuant to section 1915(e)(2)(B)(i)); Johnson v. Kansas Dep't of Corrections, 117 F.3d 1428 (10th Cir.) (Table) (dismissing appeal for failure to state a claim pursuant to section 1915(e)(e)(B(ii)), cert. denied, __U.S.__, 118 S. Ct. 632 (1997). Based on a review of Appellant's pleadings, it appears that he is asserting that the United States Department of Housing and Urban Development and the Tulsa Housing Authority have discriminated against him on the basis of a disability. However, we cannot discern from the record before us the manner in which Appellant has been discriminated against, nor can we tell what disability forms the basis of the alleged discrimination. We have construed Appellant's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but this does not relieve him of the burden of alleging sufficient facts on which to base recognized claims. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). We conclude that Appellant "'can prove no set of facts in support of his claim that would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As a procedural matter, we note that because we have denied Appellant leave to proceed IFP on appeal, we need not address the district court's initial denial of leave to proceed IFP in the district court. We nonetheless elect to reach the merits of Appellant's appeal from the district court's April 14, 1998, denial of leave to proceed IFP because the payment of filing fees is not a jurisdictional

-4-

limitation.[1]  Cf. Garcia v. Silbert, 141 F.3d 1415, 1417 n.1 (10th Cir. 1998) (stating that section 1915(g) is not jurisdictional and electing to reach merits where section 1915(g) should have precluded claimant from appearing before court without prepayment of fees); Jackson v. Stinnett, 102 F.3d 132, 136 (5th Cir. 1996) ("[T]here is no indication that Congress meant the new i.f.p. requirements to be jurisdictional."); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996) (noting that remittance of filing fee is not jurisdictional). Based on our review of the record, we conclude that the district court did not err when, on April 14, 1998, it refused to allow Appellant to proceed IFP.  The information regarding Appellant's financial status available to the district court when it made that decision indicated that Appellant had sufficient funds to pay the required filing fees.  Finding no abuse of discretion, we affirm.

Appellant's June 10, 1998 motion for leave to appeal IFP is DENIED and this action is DISMISSED.  The district court's April 14, 1998 order denying Appellant leave to proceed IFP is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]Our decision to address Appellant's appeal does not excuse him from the obligation to pay his fees, and we order him to remit the fees due to this court and the district court.