**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY W. CRAIG, JR.,

    Plaintiff-Appellant,

v.

RAY CORY, Officer, Otero County
Sheriff Department; FRANK MARTON,
Officer; CHRIS SCOTT, Officer; DAN
RAFFERTY, Officer; RICHARD
BURNETTE, Officer; ROBERT J.
CHAMBERS, Officer; RANDY
GARRET, Officer; CORY MYERS,
Officer; ROD PAUGH, Officer;
COUNTY OF OTERO; VINCE
GONZALES, Trustee, CITY OF
MANZANOLA; CITY OF LA JUNTA,

    Defendants-Appellees.

No. 98-1128

(D.C. No. 95-M-1872)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before BALDOCK, **EBEL**, and **MURPHY**, Circuit Judges.[**]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Bobby W. Craig, Jr. filed this civil rights lawsuit, 42 U.S.C. § 1983, pro se, against the County of Otero, Colorado, the City of La Junta, Colorado, the City of Manzanola, Colorado, and numerous law enforcement officials. In his complaint, Plaintiff asserted a deprivation of his Fourth and Eighth Amendment rights in connection with his arrest and subsequent detention at the Otero County jail following a domestic disturbance at the residence of his girlfriend on February 15, 1994. Plaintiff alleged that police officers used excessive force against him at the time of his arrest, during the booking process at the jail, and during his incarceration. Plaintiff also alleged that officials were deliberately indifferent to his medical needs. The district court granted summary judgment to the Defendant City of La Junta, Colorado, on January 5, 1996, dismissed the complaint against Defendant City of Manzanola, Colorado, on October 29, 1996, and granted summary judgment in favor of all remaining Defendants on March 13, 1998. Plaintiff appeals each of the above rulings. Our jurisdiction arises under 28 U.S.C. § 1291. Our review is de novo. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384, 1387 (10th Cir. 1997).

As an initial matter, Defendants have moved to dismiss the appeal arguing that 28 U.S.C. § 1915(g) bars Plaintiff from appealing because at least three of his prior § 1983 lawsuits have been dismissed as frivolous. See Craig v. Otero County Sheriff's Dept., No. 95-S-378 (D. Colo., May 2, 1995); Craig v. Hanchy, No. 95-S-507 (D. Colo., April 27, 1995); Craig v. Blackburn, No. 95-S-509 (D. Colo., May 2, 1995). We are aware that

2

Plaintiff is a "frequent filer," and that on December 21, 1995, six months after Plaintiff filed the present lawsuit, the District of Colorado barred Plaintiff from filing further pro se civil actions without prior leave of court. Craig v. Blackburn, No. 95-S-2038 (D. Colo., Dec. 21, 1995). Section 1915(g), however, is not a jurisdictional limitation on filing, but merely requires full payment of fees when the conditions of the statute are met. Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997). In this case, after Defendants filed their motion to dismiss, Plaintiff paid the filing fee. Accordingly, we deny Defendants' motion to dismiss under § 1915(g).

Nevertheless, after reviewing the parties' briefs and the entire record on appeal, we are satisfied that the district court committed no reversible error in dismissing the complaint against the City of Manzanola, Colorado, and granting summary judgment in favor of the remaining Defendants.

AFFIRMED.[1]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1] Plaintiff's "Request to the Court Clerk Byron White and Panel of Judges Assigned to Here This Appeal" to correct his opening brief, and "Motion Requesting an Order From the Tenth Circuit Court of Appeals for Doctor to Release Plaintiff's Medical Records to Him" are denied.