Clifford R. **PIGG**, Plaintiff–Appellant,

and

Stephen G. **Glover**, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION**, Defendant–Appellee.

No. 96–1440.

United States Court of Appeals,
Tenth Circuit.

Jan. 13, 1997.

Before ANDERSON, TACHA and MURPHY, Circuit Judges.

**ORDER**

PER CURIAM.

This matter comes on for consideration of the district court's order denying the plaintiff permission to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(g) as well as the parties' responses to this court's show cause order.

Upon consideration thereof, we partially remand the matter to the district court because the cases cited for support of its decision do not support the conclusion that the plaintiff has had three prior cases dismissed.

The plaintiff, who is incarcerated, filed a civil action against the FBI for violation of the Privacy Act. The district court granted the defendant's motion to dismiss under Fed. R.Civ.P. 12(b)(6). The court denied the plaintiff permission to proceed on appeal in forma pauperis based on the fact that the plaintiff had three prior civil suits dismissed as frivolous, malicious or for failure to state a claim. The court reviewed the district court's records to make that determination and attached to its order a list of three district court cases brought by the plaintiff which were dismissed for failure to state a claim. One of the three cases cited, however, was the case presently before the court.

Under 28 U.S.C. § 1915(g):

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more *prior occasions,* while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(Emphasis added). The court may take judicial notice of the prior litigation. *Green v. Nottingham,* 90 F.3d 415, 418 (10th Cir. 1996). If the plaintiff does not fit within § 1915(g) then he may pay the fee in installments. 28 U.S.C. § 1915(a)(3)(b)(1).

Section 1915(g) is not a jurisdictional limitation but merely requires the full prepayment of fees where the conditions of the statute are met. *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1024 (7th Cir.1996)("After losing three cases for one of the enumerated grounds, which include frivolousness, a plaintiff must prepay the docket fee for filing a complaint or taking an appeal, unless he is 'under imminent danger of serious physical injury.' "). *See also Green v. Nottingham, supra.*

**1498**

Here the district court's order lists only two prior cases. The third case listed is the present case. The statute discusses "prior occasions." "As in any case of statutory interpretation, we begin with the plain language of the law. If the statutory language is clear, this will ordinarily end the analysis." *United States v. Morgan,* 922 F.2d 1495, 1496 (10th Cir.), *cert. denied,* 501 U.S. 1207, 111 S.Ct. 2803, 115 L.Ed.2d 976 (1991). "It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls." *Edwards v. Valdez,* 789 F.2d 1477, 1481 (10th Cir.1986). The construction of statutes is reviewed de novo. *FDIC v. Canfield,* 967 F.2d 443, 445 (10th Cir.), *cert. dismissed,* 506 U.S. 993, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992).

"Prior" is defined in *Webster's Ninth New Collegiate Dictionary* as "earlier in time." Thus, the district court erred in counting the plaintiff's present action as one of the three prior actions.

Because it is possible that the plaintiff has filed more than the cases listed in the district court's order, the matter is **PARTIALLY REMANDED** to the district court to determine if, in fact, there are three prior cases. If there are not, the court shall enter an appropriate order regarding the plaintiff's in forma pauperis status.