**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY YOUNG,

Plaintiff - Appellant,

v.

E. D. KNIGHT,

Defendant - Appellee.

No. 96-3397
(D. Ct. No. 96-CV-3485)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing pro se petitioner's action brought pursuant to 42 U.S.C. § 1983. The district court granted petitioner's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

request for leave to proceed in forma pauperis pursuant 28 U.S.C. § 1915. Having examined the petitioner's financial records we, like the district court, conclude that petitioner has insufficient resources to pay an initial partial filing fee under the standards set forth in the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This waiver of the initial partial filing fee, however, does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit.

In this action, petitioner seeks damages of $1 million for alleged violations of his rights to due process and equal protection of the law because of an alleged false arrest, illegal detention, and the resulting mental anguish. Further, petitioner raises, for the first time on appeal, a claim of violation of the double jeopardy clause of the Constitution when plaintiff was alleged to have been required to pay two bonds in the same case. The incidents that give rise to the allegations in this matter apparently relate to a determination by defendant E. D. Knight and other state officials that petitioner Young should be removed from a community correction program and placed in custody following a urinalysis test which tested positive for marijuana usage. Petitioner alleges on appeal that the district court erred in failing to find that his constitutional rights against double jeopardy and of due process and equal protection were violated by the incidents related to petitioner's removal from community corrections and his subsequent incarceration.

We agree with the district court that petitioner's claims related to false arrest and illegal detention cannot be brought without a prior grant of relief from the underlying

conviction either by a state court or in federal habeas corpus. Heck v. Humphrey, 114 S. Ct. 2364 (1994). Petitioner has provided no evidence that he has sought relief from his conviction either from the state courts of Kansas or in a federal habeas corpus proceeding. The district court therefore properly dismissed the claims of false arrest and illegal detention without prejudice.

We further agree with the district court that petitioner has wholly failed to make any showing of physical injury. Thus, his claim of mental anguish does not state a claim for relief pursuant to the requirement of 42 U.S.C. § 1997(e) as amended by the Prison Litigation Reform Act. We will not consider the double jeopardy claims, which are raised for the first time on appeal, where these claims were not considered by the district court.

We find that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). A prisoner may not proceed under 28 U.S.C. § 1915 if he has, on three or more prior occasions, filed frivolous actions or had matters dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(g). This appeal is DISMISSED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge