**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESSE L. GARCIA,

      Plaintiff - Appellant,

v.

MIMI H. SILBERT,
President/CEO/DELANCEY
STREET/NEW MEXICO and PETER
ANTENIROL, Acting Medical Nurse,
in their individual and official
capacities,

      Defendants - Appellees.

———————————————————

NEW MEXICO CORRECTIONS
DEPARTMENT,

      Amicus Curiae.

No. 96-2154

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-96-472-LH)**

---

Submitted on the briefs:[*]

———————————————

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.

Adam G. Kurtz, Albuquerque, New Mexico, for Plaintiff - Appellant.

Appellees declined to file a brief.

Nick D'Angelo, General Counsel, New Mexico Corrections Department (Ida M. Lujan, Special Assistant Attorney General, Santa Fe, New Mexico, on the Brief), as amicus curiae, by leave of Court, in support of Appellees.

---

Before **TACHA**, **KELLY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Today we determine whether a provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), applies to actions pending when the PLRA took effect. Based on the statutory language of § 1915(g), we conclude that it applies only to actions brought after the effective date of the PLRA. Consequently, we reverse the judgment of the district court and remand for further proceedings.

Jesse Garcia, currently incarcerated in a New Mexico correctional facility, filed this 42 U.S.C. § 1983 action on April 9, 1996. He claims that an alleged failure to provide adequate medical and dental care violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. On April 18, Mr. Garcia was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The PLRA was enacted on April 26, 1996. It provides:

> In no event shall a prisoner <u>bring a civil action or appeal a judgment in a civil action or proceeding</u> under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Shortly thereafter, relying on the newly enacted § 1915(g), the district court found that Garcia had filed at least three actions in the District of New Mexico that had been dismissed as frivolous and rejected his present claims sua sponte.

The district court's decision was in error because the plain language of § 1915(g) restricts a prisoner's ability to "<u>bring</u> a civil action or appeal a judgment in a civil action" in forma pauperis. 28 U.S.C. § 1915(g) (emphasis added). It does not apply to actions pending at the time the PLRA went into effect. See Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996) ("Section 1915(g) governs bringing new actions or filing new appeals—the events that trigger an obligation to pay a docket fee—rather than the disposition of existing cases."); see also Landgraf v. USI Film Prods., 511 U.S. 244, 275 n.29 (1994) ("Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime . . . ."); White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996) (holding that

PLRA does not apply to appellant's motion to proceed in forma pauperis on appeal when notice of appeal filed before PLRA enacted). Because it is uncontested that Garcia brought his claim before the district court prior to the effective date of the PLRA, we conclude that the district court erred in dismissing his claim under § 1915(g).[1]

The New Mexico Corrections Department argues that our decision in Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996), mandates a different result.[2] The state's argument, however, misreads that decision. Although one court has relied on our decision in Green to conclude that § 1915(g) applies to pending cases, see Adepegba v. Hammons, 103 F.3d 383, 385-86 (5th Cir. 1996), Green

---

[1]Although neither party addresses the issue, Garcia's appeal before this court, filed over two months after the PLRA went into effect, is governed by § 1915(g). Because Garcia's complaint does not allege imminent harm and he has had at least three prior actions dismissed as frivolous, he should not have been permitted to appear before this court without full prepayment of all required fees. Nevertheless, "[s]ection 1915(g) is not a jurisdictional limitation . . . ," Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997), and we therefore elect to reach the merits of this action. That said, Mr. Garcia is not excused from payment of his fees and we direct the clerk accordingly to enter an order requiring Mr. Garcia to remit the entire balance due this court.

[2]Alternatively, the New Mexico Corrections Department argues in its amicus brief that we should affirm based on the district court's findings that the complaint was frivolous or malicious and failed to state a claim upon which relief could be granted. Upon careful review of the district court's memorandum opinion, however, we cannot discern such findings. Consequently, our review is limited to whether dismissal was proper under § 1915(g). Nothing in this opinion should be construed to prevent the district court on remand from dismissing Mr. Garcia's claims if it finds they are frivolous or malicious at that time. We decline to do so on this appeal, however, because the present record does not support such a conclusion.

merely holds that courts must consider cases dismissed prior to the effective date of § 1915(g) in determining whether the criteria for dismissal under § 1915(g) have been satisfied.  Green, however, does not address whether § 1915(g) applies to suits pending at the PLRA's enactment.  That question is answered by plain meaning analysis.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.