# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

RANDY YOUNG,

   Plaintiff - Appellant,

v.

PRESON MILLER, Superintendent
Parole Office; KELLY FUNK, Parole
Officer; ROBERT HARRISON,
Deputy Secretary of Corrections;
NOLEN ATKISON, Captain Jail
Administrator,

   Defendants - Appellees..

No. 97-3356

(D. Kansas)

(D.C. No. 94-CV-3462-DES)

---

**ORDER**
**Filed May 12, 1998**

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Randy Young appeals the district court's dismissal of his in forma pauperis civil rights action. Young contends that the district court erred in dismissing his claims for mental cruelty and false imprisonment as legally frivolous.

Young commenced this action in the district court before the effective date of the Prison Litigation Reform Act of 1996 ("PLRA"). Pursuant to the rules then in effect, the district court granted Young's motion to proceed in forma pauperis

without requiring any payment.  R. Vol. I, Doc. 3.  By the time this appeal was

taken, however, the PLRA had substantially changed the requirements for

prisoners seeking to proceed in forma pauperis.  Thus, the district court noted the

applicability of the PLRA in its order which granted Young leave to appeal in

forma pauperis, and its grant included an order requiring Young to pay the filing

fees due on appeal through periodic assessments pursuant to 28 U.S.C.

§ 1915(b)(2).[1]  Order dated December 4, 1997, R. Vol. I, Doc. 19 at 2.

However, in addition to requiring installment payments, the Prison

Litigation Reform Act imposes further restrictions on prisoners' ability to proceed

in forma pauperis.  Title 28 U.S.C. § 1915(g) generally prevents a prisoner from

proceeding in forma pauperis in any civil action or appeal, if, on three or more

---

[1]In relevant part, the district court's order provided:

> At the commencement of this action, plaintiff was granted leave to
> proceed in forma pauperis.  Since that time, filing fees have been imposed
> against plaintiff pursuant to the provisions of the Prison Litigation Reform
> Act in Case No. 96-3485.  Because plaintiff has not yet satisfied these fee
> obligations, the court grants leave to proceed on appeal in forma pauperis
> without payment of an initial partial appellate filing fee.  Plaintiff's
> payments toward the $105.00 appellate filing fee will commence upon
> satisfaction of the fee obligations already assessed in Case No. 96-3485 and
> will be calculated according to 28 U.S.C. § 1915(b)(2).  Plaintiff is directed
> to cooperate with his custodian and any future custodian to authorize the
> disbursement of funds to satisfy these payments. The Finance Officer of
> the facility where plaintiff is housed will be advised by a copy of this order
> of these assessments.

R. Vol. I, Doc. 19 at 2.

prior occasions, the prisoner has brought an action or an appeal which has been dismissed as frivolous or malicious, or for failure to state a claim. Id.; Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

As the record indicates, Young's current appeal involves an action which was dismissed as legally frivolous. Pursuant to § 1915(g), the district court's order of dismissal in this case counts as a "prior occasion." Moreover, a review of previously-filed cases by Young indicates two prior dismissals for failure to state a claim. See Young v. Knight, No. 96-3485-GTV (D. Kan. Nov. 15, 1996) (dismissing the claim of mental anguish for failure to state a claim); Young v. Knight, No. 96-3397, 1997 WL 297692, at *2 (10th Cir. June 5, 1997) (agreeing with the district court, finding the claim for mental anguish failed to state a claim for relief, and counting the appellate dismissal as a "prior occasion" under § 1915(g)).

Accordingly, Young has three "prior occasions" under § 1915(g), and, unless he is in imminent danger of serious physical injury, he cannot proceed under the in forma pauperis provisions. Therefore, the district court erred in granting Young's motion to proceed in forma pauperis, and this appeal was not properly filed.

For the reasons stated above, we VACATE the district court's order dated December 4, 1997, and we direct Young to pay the full filing fee for this appeal

within thirty days.  Should Young fail to pay the filing fee as directed, this appeal shall be dismissed.[2]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]We further direct the clerk of this court not to accept any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters, other than habeas, from Young unless he pays the filing fees established by our rules.