**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN DALE DUBUC,

        Plaintiff - Appellant,

v.

SATAYABAMA JOHNSON, sued as:
Dr. Johnson of the Tulsa County Jail;
NURSE ROSE; NURSE LINDA;
DOYLE EDGE, Sgt.; EARL
MCCLAFLIN, sued as: Corporal
McLoughlon; DIANA JANE COOK,
sued as: Corporal Cook; ZACHARY J.
VIERHELLER, sued as:  Detention
Officer Zack Veirhiller; OFFICER
WARREN, detention officer;
OFFICER SHAWN, detention officer;
WENCESLAO AGUILA, sued as:
detention officer Aguila; OFFICER
MARTAIN, detention officer;
STANLEY GLANZ, Sheriff Tulsa
County; RON ISMAN, medical
administrator,

        Defendants - Appellees.

No. 01-5122
D.C. No. 96-CV-430-M
(N.D. Oklahoma)

**ORDER**

Before **MURPHY** , **McKAY** , and **HARTZ** , Circuit Judges.

We **VACATE** the district court's grant of Plaintiff's motion to proceed in forma pauperis and direct Plaintiff to pay the full filing fee within thirty days. Plaintiff's failure to pay the filing fee as directed will result in the dismissal of his appeal for failure to prosecute. See Young v. Miller, 144 F.3d 1298 (10th Cir. 1998). The opinions of the panel in support of and in opposition to this Order are attached.

**McKAY** , Circuit Judge.

Plaintiff Dubuc appeals for the second time claims brought pursuant to 42 U.S.C. § 1983. On Plaintiff's first appeal, we affirmed the district court's dismissal and grant of summary judgment on several of his original claims. However, we remanded for further proceedings Plaintiff's claims based on his allegation that detention officers had used excessive force while moving him to a new cell for disciplinary reasons. See Dubuc v. Johnson, No. 99-5107, 1999 WL 1101851, 1999 U.S. App. LEXIS 31594 (10th Cir. 1999).

Upon remand, the district court granted Defendants' Fed. R. Civ. P. 50(a) motion for judgment as a matter of law as to the supervisory defendants. The jury returned a verdict in favor of the remaining Defendants. The district court granted Plaintiff's motion to proceed in forma pauperis on appeal. Accordingly, Plaintiff filed his appeal without prepayment of the appropriate fees. Plaintiff

-2-

challenges the district court's denial of a transcript at government expense, the district court's denial of Plaintiff's motion to amend his complaint, various juror issues, and alleged defects occurring during trial proceedings.

Plaintiff is a prisoner bringing a civil appeal after having at least three prior actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. See D.C. No. 97-CV-650 (N.D. Okla. Apr. 13, 1998); D.C. No. 93-CV-192 (E.D. Okla. Jan. 30, 1995); D.C. No. 92-CV-193 (N.D. Okla. Apr. 22, 1993). Title 28 U.S.C. § 1915(g) applies to prisoners who have filed at least three prior frivolous actions or appeals. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. An action or appeal that has been dismissed as frivolous, malicious, or for failure to state a claim is commonly referred to as a "strike."

There is some confusion in this circuit concerning the effect that an appeal filed pursuant to § 1915(g) has on our ability to review the merits of a three-strike-prisoner-plaintiff's claims who has not paid the requisite appellate fees. It is possible to read into our cases three separate approaches--§ 1915(g) is a

-3-

jurisdictional rule preventing any review of the merits, § 1915(g) is not jurisdictional in nature but contains a condition precedent (prepayment of appellate fees) which prevents review of the merits until appellate fees have been paid, or § 1915(g) is not a jurisdictional rule and the court in its discretion may review the merits of a prisoner's claims.

Whether viewed from the so-called plain language perspective or more broadly to determine Congress' intent, § 1915(g)'s mandate is that "in no event" shall a post-three-strikes civil action be brought. To the extent that the language of our cases or our practice may have departed from this absolute bar, they are contrary to the statute.

We first addressed the proper scope of § 1915(g) in Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996). In Green we stated, "Section 1915(g) generally prevents a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious, or for failure to state a claim." Id. at 418. While the words "generally prevents" may subsequently have been viewed as importing some discretion, properly read they merely alert readers that § 1915(g)'s "in no event" language is subject to a single statutory exception for circumstances where "the prisoner is under imminent danger of serious physical injury." The court concluded that § 1915(g) was a "procedural rule governing in forma pauperis filings by prisoners[,]" and

that Green was precluded from proceeding in forma pauperis on appeal because he had accumulated at least three strikes. Id. at 420.

The notion that § 1915(g) might be considered jurisdictional in nature was raised in our subsequent decisions. In Pigg v. FBI, 106 F.3d 1497 (10th Cir. 1997), we held that "[s]ection 1915(g) is not a jurisdictional limitation but merely requires the full prepayment of fees where the conditions of the statute are met." Id. (citation omitted). In In re Washington, 122 F.3d 1345 (10th Cir. 1997), we denied the petitioner's request to proceed in forma pauperis on appeal because he had accumulated at least three strikes. We held that "[p]etitioner may resubmit his petition by paying the required filing fee." Id. In these two cases, § 1915(g) is viewed not as announcing a jurisdiction rule but instead as imposing a condition precedent to filing an appeal after a prisoner has accumulated three strikes. Accordingly, the technical language of jurisdiction is unnecessary to fully implement §1915(g)'s clear intent.

The relationship of § 1915(g)'s prohibition and our ability to nevertheless proceed to the merits of a prisoner's appeal was further complicated by our decision in Garcia v. Silbert, 141 F.3d 1415 (10th Cir. 1998). In a footnote, the court reiterated our prior holdings that §1915(g) was not jurisdictional and concluded "we therefore [can] elect to reach the merits of this action." Id. at 1417, n.1. Garcia's claims were then addressed on the merits. Many of our

unpublished decisions have relied upon Garcia to justify reaching the merits of a prisoner's appeal when the prisoner has failed to prepay the appellate fees and has accumulated at least three prior strikes.

While Garcia apparently held that the court could within its discretion determine a prisoner's appeal on the merits despite § 1915(g)'s provisions, a separate panel of this court indirectly rejected Garcia's holding just two weeks later. In Young v. Miller, 144 F.3d 1298 (10th Cir. 1998), the court refused to reach the merits of a prisoner's appeal holding that since the prisoner had three prior strikes and was not "in imminent danger of serious physical injury, he cannot proceed under the in forma pauperis provisions." Id. at 1299. The court concluded that "the district court erred in granting Young's motion to proceed in forma pauperis, and th[e] appeal was not properly filed." Id. It then vacated the district court's order and directed the prisoner to pay the full filing fee within thirty days or face dismissal of his appeal.

Section 1915(g) on its face allows but one statutory exception to the otherwise comprehensive requirement that prisoners with at least three prior strikes prepay appellate fees. That exception applies only in situations where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Apart from this single statutory exception, § 1915(g)'s "in no event" language must be applied.

-6-

Section 1915(g) represents Congress' attempt to balance the needs of overloaded judges to hear cases of individuals who have not abused the judicial process in the past with prisoners who have abused the judicial process on at least three prior occasions through frivolous filings.  There is no question that § 1915(g) is constitutional.  See White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998) (holding that ifp status is not a fundamental right and that §1915(g) is rationally related to the legitimate end of deterring frivolous lawsuits).  As we have stated previously, "The right of access to the courts is neither absolute nor unconditional."  Schlicher v. Thomas, 111 F.3d 777, 781 (10th Cir. 1997) (quotation omitted).  Section 1915(g) simply removes the government's temporary subsidy for prisoner appeals in cases where the prisoner has filed at least three prior frivolous petitions.  A prisoner may continue to file actions, even frivolous ones, but must prepay all applicable filing fees.

I recognize the potential danger of Congress' choice.  Section 1915(g) can prevent a prisoner who has filed three or more frivolous actions from litigating a meritorious constitutional claim until that prisoner can pay the appropriate filing fees. Yet, this is the consequence of Congress' choice.  A natural hazard of balancing the potentially divergent needs of two or more distinct groups is the possibility that one of the groups is disadvantaged.  Yet, the court must proceed in the manner directed by Congress.  See, e.g., Hukkanen-Campbell v.

-7-

Commissioner, 274 F.3d 1312, 1315 (10th Cir. 2001) (Congress, not courts, must correct any perceived inadequacies in statutes).

I also recognize the irony that ascertaining whether a particular prisoner litigant has accumulated at least three strikes may require the use of more judicial resources than addressing the prisoner's claims on the merits. Thus, a statute intended to conserve judicial resources might on occasion require expending additional resources. While such a result is certainly ironic, it cannot justify the judicial repeal of § 1915(g)'s "in no event" language.

Whatever conflict may exist between § 1915(g) and the Federal Rule of Appellate Procedure 3(a)(2), which allows courts to potentially consider the merits of an appeal without the prepayment of appellate fees, must be resolved in favor of § 1915(g). See Houchin v. Zavaras, 107 F.3d 1465, 1469 (10th Cir. 1997) ("In reconciling this apparent conflict between the statute and the [R]ule [of Appellate Procedure], we bear in mind that when construing a statute, the text of each provision should be read so as to give effect to all the statute's provisions."). To the extent Rule 3(a)(2) conflicts with the statute, it is clear that the general rule cannot supersede the specific statutory command found in § 1915(g).

Only an en banc panel may overrule a prior panel's decision. See United States v. Edwards, 224 F.3d 1216, 1220 (10th Cir. 2000) (stare decisis permits the

overturn of a prior panel's decision only through rehearing en banc, "a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court"). Id. After careful review, even though I disagree with Garcia's construction of the statute, I cannot say that it is in clear conflict with prior precedent. As a result, until otherwise modified by the en banc court, its base holding that the court retains discretion to ignore the "in no event" language of the statute cannot be overruled. However, I believe it not inconsistent with Garcia and Miller to conclude that discretion should be exercised only in extraordinary circumstances. This is not an extraordinary case, and I therefore abide by the language of the statute which says "in no event."

In sum, §1915(g)'s provisions are not jurisdictional in nature but contain a condition precedent which prevents a review of the merits of a three-strike-prisoner-plaintiff's claims, except under extraordinary circumstances, until the prisoner has prepaid the applicable fees. Because Plaintiff has accumulated at least three strikes, failed to prepay the appropriate filing fees, and because his appeal does not involve imminent danger of serious physical injury or extraordinary circumstances invoking our discretion, this panel cannot reach the merits of his appeal.

**MURPHY**, Circuit Judge.

Like the other two members of this panel, I agree that § 1915(g) precludes a court from allowing a *pro se* prisoner-plaintiff with three prior strikes to proceed in a civil suit unless he has prepaid the filing fee or can demonstrate the one exception to this otherwise absolute bar: that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Judge McKay, however, concludes that our decision in *Garcia v. Silbert*, 141 F.3d 1415 (10th Cir. 1998), constitutes binding precedent and permits this court to exercise discretion to address the merits of an appeal filed by a prisoner-plaintiff with three prior strikes. Judge Hartz believes that such discretion arises not from § 1915(g) but from Rule 3(a)(2) of the Federal Rules of Appellate Procedure. Thus, both of my colleagues conclude that this court has discretion to address the merits of an appeal filed by a prisoner-plaintiff with three prior strikes; they disagree only on the source of that discretion and whether it should be exercised in this case. I believe this court lacks discretion under either § 1915(g) or Rule 3(a)(2).

I first disagree with the conclusion that this court's opinion in *Garcia* does not clearly conflict with prior circuit precedent. Shortly after 28 U.S.C. § 1915 was amended by the Prison Litigation Reform Act of 1995 ("PLRA"), this court addressed whether § 1915(g) applied to actions dismissed as malicious or frivolous prior to the effective date of the PLRA. *See Green v. Nottingham*, 90

F.3d 415, 418-20 (10th Cir. 1996). The court began its analysis by taking judicial notice that more than three actions or appeals filed by the prisoner-plaintiff had been dismissed as frivolous or malicious prior to the enactment of the PLRA. *See id.* at 418. The court then stated that the prisoner-plaintiff, therefore, "*cannot proceed in forma pauperis if* § 1915(g) applies to suits dismissed prior to its enactment." *Id.* (emphasis added). After first concluding that § 1915(g) was a procedural rule, the court held that prisoner-plaintiff suits dismissed as malicious or frivolous prior to the enactment of the PLRA count against the three strikes allowed under § 1915(g). *See id.* at 420. The court then held "that § 1915(g) *prevents* Mr. Green from proceeding in forma pauperis in this proceeding." *Id.* at 420 (emphasis added). The court dismissed the prisoner-plaintiff's appeal and "direct[ed] the Clerk of this Court not to accept from [the plaintiff] any further extraordinary writs in noncriminal matters, or appeals of judgments in civil actions or proceedings, unless he pays the filing fees established by our rules."[1] *Id.* Although the *Green* court did not directly address the issue of discretion, the court's opinion, including its unequivocal direction to the clerk of the court, left open no possibility that this court, even in the exercise of its discretion, could

---

[1] Consistent with the sole exception found in § 1915(g), the court specifically stated that its prohibition did not apply to appeals or petitions in which Mr. Green alleged he was under imminent danger of serious physical injury. *See Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

allow the prisoner-plaintiff to proceed *in forma pauperis* unless he prepaid the filing fees.

Less than a year after *Green*, this court addressed the question of whether the district court's dismissal of the case then before the court on appeal could be counted as one of the prisoner-plaintiff's three strikes. *See Pigg v. FBI*, 106 F.3d 1497, 1497 (10th Cir. 1997). Although not dispositive to its conclusion that the dismissal of the present action could not be counted, the court cited *Green* for the proposition that "[§] 1915(g) is not a jurisdictional limitation but merely *requires* the full prepayment of fees where the conditions of the statute are met." *Id*. (emphasis added). The court then remanded the matter to the district court for a determination of whether other suits filed by the prisoner-plaintiff should be counted as strikes. *See id*. at 1498. Presumably, the court's discussion of the rule established in *Green* was intended to provide guidance to the district court if it concluded on remand that the prisoner-plaintiff did have three strikes.

In an order *published* in 1997, this court relied on *Green* to support its conclusion that a prisoner-plaintiff's three prior strikes *prevented* him from proceeding *in forma pauperis* on appeal. *See In re Washington*, 122 F.3d 1345, 1345 (10th Cir. 1997). The court denied the prisoner-plaintiff's request to proceed *in forma pauperis* and, as in *Green*, instructed the clerk of the court to not accept any future filings from him in noncriminal matters unless the filing fee

-12-

was prepaid. *See id.* Again, the restriction on future filings foreclosed any possibility that this court could exercise its discretion to allow the prisoner-plaintiff to proceed without prepayment.

Notwithstanding the unequivocal holdings in *Green* and *In re Washington*, this court thereafter held that because § 1915(g) is not a bar to jurisdiction, it would exercise discretion to address the merits of a prisoner-plaintiff's claims even though he had not prepaid the appellate filing fee. *See Garcia v. Silbert*, 141 F.3d 1415, 1417 n.1 (10th Cir. 1998). To support its conclusion, *Garcia* relied on *Pigg*'s statement that "[§] 1915(g) is not a jurisdictional limitation," but then ignored *Pigg*'s admonition that § 1915(g) "*requires* the full prepayment of fees where the conditions of the statute are met." *Pigg*, 106 F.3d at 1497 (emphasis added).

Although neither *Green* nor *In re Washington* directly addressed the issue of this court's discretion to proceed to the merits of appeals filed by prisoner-plaintiffs with three strikes, *stare decisis* includes "precedent in which a court has decided identical factual issues." *FDIC v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987); *see also United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law."). I can

discern no difference between the facts presented in *Green*, *In re Washington*, and *Garcia* which would explain the conflicting treatment of the prisoner-plaintiff's claims in *Garcia*. In all three cases, the prisoner-plaintiff had three strikes and was attempting to proceed *in forma pauperis* on appeal. In both *Green* and *In re Washington*, we concluded that the plaintiff was not only foreclosed from proceeding *in forma pauperis* in the appeal before the court, but he was absolutely barred from proceeding in this court in all further noncriminal matters unless he prepaid the filing fee. Because the clerk of the court was specifically directed not to accept any future filings, no panel of this court could ever exercise discretion to allow the plaintiffs to proceed on appeal without prepaying. In *Garcia*, however, we concluded that § 1915(g) did not bar this court from addressing the merits of the claims raised by the prisoner-plaintiff notwithstanding his failure to prepay the appellate filing fee. The *Garcia* opinion contains no fact, factor, or reason that Garcia should be treated differently or more favorably than Green or Washington.

There is no basis on which the holdings in these cases can be reconciled. Thus, I can only conclude that the holding in *Garcia,* that this court has discretion to address the merits of claims raised on appeal even when a prisoner-plaintiff with three strikes has failed to prepay the appellate filing fee, clearly conflicts with the unambiguous and unequivocal holdings in both *Green* and *In re*

-14-

*Washington. Green*, being the first case to decide the identical factual issue presented in *Garcia* and the case at bar, constitutes binding circuit precedent which must be followed by subsequent panels of this court, including this panel. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom."). Consequently, I believe this court has no discretion under § 1915(g) to address the merits of the claims presented on appeal by Mr. Dubuc because he has had three prior noncriminal matters dismissed as frivolous, malicious, or for failure to state a claim. My interpretation of *Garcia* is not inconsistent with that of Judge Hartz who believes the discretion exercised in *Garcia* arose from Rule 3(a)(2), not § 1915(g).

Although I disagree with Judge McKay's interpretation of *Garcia*, I agree with his conclusion that Rule 3(a)(2) of the Federal Rules of Appellate Procedure does not provide this court with an alternative basis on which to proceed to the merits of Mr. Dubuc's claims. Section § 1915(g) is rendered wholly superfluous under Judge Hartz's interpretation of Rule 3(a)(2) because this court could ignore its prohibition in every instance in which a prisoner-plaintiff with three strikes seeks to proceed on appeal without the prepayment of filing fees. There is a real conflict between Rule 3(a)(2) and § 1915(g) and that conflict must be resolved in favor of § 1915(g).

Both Judge Hartz and I agree that this court has no discretion under §
1915(g) to consider an appeal filed by a prisoner-plaintiff with three strikes until
he pays the appellate filing fee. Judge McKay and I agree there is no discretion
under Rule 3(a)(2) and we agree that Mr. Dubuc has accumulated three strikes.
Accordingly, because Mr. Dubuc has not paid the appellate filing fee, this court
cannot proceed to the merits of his appeal and it should be dismissed if he fails to
pay the fee in full within thirty days.

**HARTZ,** Circuit Judge, dissenting:

I respectfully dissent. In my view, we have discretion to hear this appeal
without regard to whether Plaintiff has three strikes. I would exercise that
discretion and address the merits.

My views can be summarized briefly. The three-strike provision, 28 U.S.C.
§ 1915(g), does not prohibit prisoners with three strikes from appealing; it merely
requires them to pay the full filing fee in advance--a requirement that applies to
all appellants except those proceeding in forma pauperis. When an appellant has
not paid the required filing fee, Federal Rule of Appellate Procedure 3(a)(2)
grants the appellate court broad discretion regarding how to proceed. The rule
permits the court to take any action "it considers appropriate." On occasion, the
appropriate action may be to hear the appeal and collect the filing fee later.

Exercising that discretion in favor of a three-strike prisoner does not contravene the purpose of § 1915(g). The purpose of that section is to relieve the burden on the federal courts arising from frivolous prisoner litigation. When judicial efficiency is better served by addressing the merits of an appeal than by ruling on whether a prisoner has three strikes, the exercise of Rule 3(a)(2) discretion to hear an appeal is completely consonant with the purpose of § 1915(g). Nothing in Rule 3(a)(2) or § 1915(g) requires, or even suggests, that we should use the rule to hear an appeal only in "extraordinary circumstances." Majority Op. at 9. I shall later mention several circumstances in which an appellate court may find it appropriate to hear an appeal regardless of, or without considering, whether a prisoner has three strikes. Some of these circumstances may be considered extraordinary, but others certainly are not.

I now proceed to a more detailed discussion.

Rule 3(a)(2) states, "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." The rule undoubtedly contemplates that one of the steps an appellant may fail to take is paying the filing fee. When Rule 3 was amended in 1979 to add subdivision (e) (which mandates payment of required fees "[u]pon filing a notice of appeal"), the Advisory Committee Note explained:

> In view of the provision in Rule 3(a) that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal," the case law indicates that the failure to prepay the statutory filing fee does not constitute a jurisdictional defect. See *Parissi v. Telechron*, 349 U.S. 46 (1955); *Gould v. Members of N.J. Division of Water Policy & Supply*, 555 F.2d 340 (3d Cir. 1977).

In other words, when the appellant has failed to prepay the filing fee, the appellate court is authorized "to act as it considers appropriate."

The three-strike statute, 28 U.S.C. § 1915(g), does not conflict with or trump Rule 3(a)(2). To begin with, it is useful to put § 1915(g) in context. Section 1915, entitled "Proceedings in forma pauperis," relates to litigation by indigent prisoners. It relieves such prisoners of several financial obligations that would otherwise be imposed. With respect to filing fees, the prisoner is still required to pay in full, but the fee is paid periodically, out of funds that may or may not be available in the prisoner's institutional account. *See* § 1915(b). In addition, the prisoner may be entitled to a free copy of the record on appeal, a free transcript of proceedings, and free process. *See* § 1915(c)-(d).

What § 1915(g) does is limit the benefits conferred by § 1915. It does not, however, limit the application of any other statute or rule. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding *under this section* if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added). Thus, all that a prisoner with three strikes forfeits--all that such a prisoner can "in no event" do--is "bring a civil action or appeal a judgment in a civil action or proceeding *under this section*." § 1915 (g) (emphasis added). The prisoner with three strikes should therefore be treated as an ordinary appellant--one who has to prepay the full filing fee but is eligible for relief under Rule 3(a)(2).

I agree with the majority opinion that a statute "should be read so as to give effect to all [its] provisions." *Houchin v. Zavaras*, 107 F.3d 1465, 1469 (10th Cir. 1997). In my view, the above reading of § 1915(g) does that. Recognizing that Rule 3(a)(2) survives § 1915(g)'s three-strike provision does not eviscerate § 1915(g). Section 1915(g) still deprives the three-strike prisoner of what would otherwise be several categorical rights of an indigent litigant; the prisoner is left only with the mere possibility that the appellate court will use Rule 3(a)(2) to grant a waiver of the requirement to prepay filing fees in full. Courts that are now

overburdened by frivolous prisoner litigation are not likely to be eager to grant three-strike prisoners relief under Rule 3(a)(2).

Perhaps there will be occasions when a court invokes Rule 3(a)(2) because it is impressed with the merits and importance of the prisoner's case and believes it would be an injustice to deprive the prisoner of the opportunity to pursue the claim just because the prisoner cannot prepay the full filing fee. *Cf. Rivera v. Allin*, 144 F.3d 719, 731 n.18 (11th Cir. 1998) (because three-strike prisoner raised important constitutional issue, appeals court would not require immediate full payment of filing fee). Much more common, however, will be cases in which the court finds it more efficient to address the merits than the three-strikes issue. For example, in *Garcia v. Silbert*, 141 F.3d 1415 (10th Cir. 1998), apparently the panel opinion had already been prepared when the three strikes were discovered. At that point, dismissal of the appeal would have been easy, but the useful law set forth in the opinion would have been lost, no doubt resulting in future wasteful litigation on the same issue. Efficiency of the courts counseled disposing of the case on the merits.

In other cases the substantive issues on appeal may be easier to resolve than whether the prisoner has three strikes. Substantial effort may be required to check the prisoner's litigation history; and even when that history is known, it may be unclear whether to count a loss as a strike. For example, in each of the three cases

counting as strikes against Plaintiff, all or part of the complaint was dismissed for failure to state a claim. In each, the district court applied our then-current law imposing a heightened pleading standard on § 1983 claims. Since then, we have recognized that this standard is inconsistent with the Rules of Civil Procedure. *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001). We have not decided whether it is proper to count as a strike a dismissal that was predicated on erroneous Tenth Circuit law. Also, in one of Dubuc's strike cases, *Dubuc v. Boone*, No. CIV 93-192-B (E.D. Okla. Jan. 30, 1995), the district court dismissed part of his § 1983 claim as moot because the prison had ceased to enforce its grooming code and its religious exemption policy. I question whether dismissal of a complaint should count as a strike when a portion of the claim became moot as a result of a defendant's action that may have been motivated by the complaint. This court and its staff could spend a great deal of time and effort resolving the facts surrounding an apparent strike and the law governing what constitutes a strike. We have discretion under Rule 3(a)(2) to avoid those tasks when addressing the merits is relatively simple. It would be ironic if § 1915(g), whose clear purpose is to reduce the burden on the courts, required us to take the more burdensome course.

Not only does my reading of § 1915(g) give effect to all its provisions but it also conforms to another revered canon of statutory construction: "It is a cardinal

principle of construction that repeals by implication are not favored.  When there are two acts upon the same subject, the rule is to give effect to both if possible.  The intention of the legislature to repeal must be clear and manifest. . . .  There must be a positive repugnancy between the provisions of the new law and those of the old; . . . ."  *United States v. Borden Co.*, 308 U.S. 188, 198-99 (1939) (internal quotation marks and citations omitted).  The same rule applies to partial repeals.  We have stated that  "we find no merit in the argument that the partial implied repeal of a statute should be viewed with less disfavor."  *Yellowfish v. City of Stillwater*, 691 F.2d 926, 928 (10th Cir. 1982).  We should avoid interpreting § 1915(g) so as to repeal in part Rule 3(a)(2).

I have found no reported decision regarding the impact of § 1915(g) on Rule 3(a)(2).  But there are two reported decisions addressing whether the words "in no event" in one statute trump general language in another statute.  Both cases involved statutes of limitations in professional malpractice actions.  Roughly speaking, the statutes set limitations periods running from the date the plaintiff discovered the cause of action but then said that "in no event" could a suit be filed more than a specified number of years after the act of malpractice.  Another statute, however, tolled all limitations periods while the plaintiff was under a legal disability, such as minority.  Both decisions held that the minority-tolling provision applied despite the  "in no event" language.  *Hatfield v. Bishop Clarkson*

*Mem. Hosp.*, 679 F.2d 1258 (8th Cir. 1982) (interpreting Nebraska law), *vacated,* 701 F.2d 1266 (8th Cir. 1983) (certifying issue to state supreme court, which reached the same conclusion shortly thereafter in another case, *Sacchi v. Blodig*, 341 N.W.2d 326 (Neb. 1983)); *Kohrt v. Yetter*, 344 N.W.2d 245 (Iowa 1984). Moreover, unlike § 1915(g), the "in no event" sentences in these two cases did not expressly limit the scope of the phrase to the statutory section in which the phrase appeared. I am comfortable that when Congress wrote "in no event shall a prisoner . . . appeal a judgment . . . under this section," it did not mean to negate provisions in other statutes or rules.

My reading of the statute conforms to our single holding in point. In *Garcia v. Silbert*, in which we ruled in favor of the prisoner, we wrote:

> Although neither party addresses the issue, Garcia's appeal before this court, filed over two months after the PLRA [Prison Litigation Reform Act] went into effect, is governed by § 1915(g). Because Garcia's complaint does not allege imminent harm and he has had at least three prior actions dismissed as frivolous, he should not have been permitted to appear before this court without full prepayment of all required fees. Nevertheless, "[s]ection 1915(g) is not a jurisdictional limitation . . . ," *Pigg v. Federal Bureau of Investigation*, 106 F.3d 1497, 1497 (10th Cir. 1997), and we therefore elect to reach the merits of this action.

141 F.3d at 1417 n.1.  In short, we addressed the merits of an appeal by a prisoner with three strikes *before* the prisoner paid the filing fee.  *Garcia* did not state that the court was *required* to decide the appeal; the court exercised its discretion to hear the case.  In several other appeals we have refused to hear the three-strike prisoner's appeal when the filing fee has not been fully paid.  But just as the exercise of discretion to hear an appeal does not imply that the appeal *must* be heard, the exercise of discretion to dismiss the appeal does not imply that dismissal is required.  None of the opinions that dismissed appeals even mentioned Rule 3(a)(2) or addressed the question whether dismissal was mandatory.

Hence I dissent.  For reasons that it would be inappropriate to expand upon, the interests of judicial efficiency would best be served if we exercise our discretion and decide the merits of this appeal before payment of the full fee.