*Clay v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

DANIEL CLAY,

> *Plaintiff-Appellant*,

> v.

WILLIAM A. LEE, Superintendent, Greenhaven,
L. FRANCO, Deputy Superintendent of Programs,
C. TALIAFERRO, Mental Health Unit Chief, L.
BACINO, STP Coordinator, SARGEANT
WAHLQUIST, STP/SHU Sargeant, SARGEANT
COUSIN, SARGEANT SURPRENANT,

> *Defendants-Appellees*,

COMMISSIONER BRIAN FISCHER,
Department of Correctional Service, JOHN OR
JANE DOE, Department of Mental Health,
JOHN DOE, STP/SHU Sargeant,

> *Defendants*.

_____

No. 19-1154

For Plaintiff-Appellant:                                    Daniel Clay, pro se, Beacon, NY.

For Defendants-Appellees:                          David Lawrence, III (Steven C.
                                                                    Wu, Barbara D. Underwood, *on
                                                                    the brief*), *for* Letitia James,
                                                                    Attorney General of the State of
                                                                    New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that Appellant's in forma pauperis ("IFP") status is **REVOKED** pursuant to 28 U.S.C. § 1915(g) (the "three-strike rule"). Appellant is **ORDERED** to pay the docketing fee or make a showing in a letter brief of no more than five (5) pages that he was in imminent danger at the time he filed his notice of appeal. Failure to pursue either option within thirty (30) days of the entry of this order will result in the dismissal of the appeal.

Appellant Daniel Clay, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against corrections officers and officials for failure to state a claim. The district court did not deny Appellant's IFP status on appeal. However, prior to filing his notice of appeal, Appellant brought two other § 1983 actions in the Northern District of New York that were dismissed for failure to state a claim, *see Clay v. D'Silva* ("*Clay I*"), No. 9:09-cv-1245 (GTS) (DRH), 2011 WL 1135937 (N.D.N.Y. Mar. 25, 2011); *Clay v. Schwebler* ("*Clay II*"), No. 9:13-cv-1314 (BKS) (CFH), 2015 WL 6438919 (N.D.N.Y. Oct. 22, 2015); as well as an appeal that this I suggest following BB Rule 10.8.3 for this and the *Clay IV* cite because the orders are unreported.Court dismissed as frivolous, *see* Motion Order, *Clay v. Schwebler* ("*Clay III*"), No. 15-3823 (2d Cir. Mar. 24, 2016), Dkt. No. 35. Also prior to filing his instant notice of appeal, Appellant was denied IFP status in another district court proceeding pursuant to § 1915(g) based

upon these three earlier dismissals.    *See* Decision and Order, *Clay v. Cuomo* ("*Clay IV*"), No. 19-cv-0086 (BKS)(N.D.N.Y. June 27, 2019), ECF No. 9.    At issue now is whether Appellant may continue proceeding IFP in the present appeal given his litigation history.    We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Appellate Procedure 24(a)(3) provides:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

(B) *a statute provides otherwise.*

Fed. R. App. P. 24(a)(3) (emphasis added).    In turn, 28 U.S.C. § 1915(g), such a statute here, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

We agree with the *Clay IV* court that *Clay I, II,* and *III* qualify as strikes under § 1915(g) because those proceedings were each dismissed on the grounds that they were either frivolous or failed to state a claim.    Appellant had not yet accumulated these strikes when he filed his complaint in the present action; however "[t]he use of the word 'bring' [in § 1915(g)] offers a clear

3

indication that the provision goes into effect—and bars the suit under the *in forma pauperis* section—at the moment the plaintiff files his complaint *or notice of appeal.*"   *Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010) (second emphasis added); *see also Shepherd v. Annucci*, 921 F.3d 89, 94 (2d Cir. 2019) ("This rule [§ 1915(g)] prohibits prisoner-litigants from bringing further actions *or appeals* IFP if they have brought at least three prior actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted." (internal quotation marks, alterations, and citations omitted) (emphasis added)).

This rule "bars [three-strikes] prisoners from proceeding IFP . . . unless the exception for imminent danger applies."   *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Dubuc v. Johnson*, 314 F.3d 1205, 1210 (10th Cir. 2003) ("[Section] 1915(g)'s provisions are not jurisdictional in nature but contain a condition precedent which prevents a review of the merits of a three-strike-prisoner-plaintiff's claims, except under extraordinary circumstances, until the prisoner has prepaid the applicable fees.").   To establish the imminent danger exception, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted . . . ."   *Pettus*, 554 F.3d at 297.   Appellant has not previously had the opportunity to argue that the exception applies to him, so he now must either establish that he qualifies or pay the docketing fee.

Accordingly, we **REVOKE** Appellant's IFP status.   The merits of this appeal will not be reviewed unless, within thirty (30) days of the entry of this order, Appellant either pays the docketing fee or makes a showing in a letter brief of no more than five (5) pages that he was in imminent danger at the time he filed his notice of appeal.   Failure to pursue either option within

4

thirty (30) days of the entry of this order will result in the dismissal of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court