**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MICHAEL LEE STROPE, a/k/a
Gordon E. Strope,

      Plaintiff-Appellant,

v.

WILLIAM CUMMINGS, Designee,
Kansas Department of Corrections, in
his individual capacity; DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility, in his individual
capacity; K. BECK, Corrections
Officer, Lansing Correctional Facility,
in her individual capacity; KENNETH
R. SMITH, Legal Counsel, Lansing
Correctional Facility, in his individual
capacity; MICHAEL J. LAROCCO,
Aramark District Manager, in his
individual capacity; FRANK
DORION, Aramark Kitchen Manager,
in his individual capacity; KAREN
THORNE, Mailroom Supervisor,
Lansing Correctional Facility, in her
individual capacity,

      Defendants-Appellees.
_____

MICHAEL LEE STROPE, a/k/a
Gordon Strope,

      Plaintiff-Appellant,

No. 10-3254
(D.C. No. 5:04-CV-03338-SAC)
(D. Kan.)

v.

SAM CLINE, Warden, Hutchinson Correctional Facility, in his individual and official capacity; (FNU) ANDERSON, Kitchen Manager, Aramark, Hutchinson Correctional Facility, in his individual and official capacity; (FNU) COLE, Kitchen Line Supervisor, Aramark, Hutchinson Correctional Facility, in her individual and official capacity; CHARLES WERHOLTZ, Secretary of Corrections, in his individual and official capacity; DAVID C. FERRIS, Accounting Manager, Lansing Correctional Facility, in his individual and official capacity; ELIZABETH RICE, Correctional Assistant, Kansas Department of Corrections, in her individual and official capacity; COLENE FISCHLI, Correctional Assistant, Kansas Department of Corrections, in her individual and official capacity,

Defendants-Appellees.

_____

MICHAEL LEE STROPE,

Plaintiff-Appellant,

v.

WILLIAM CUMMINGS; LOUIS E. BRUCE, Warden; J. OLSON, Aramark; C.O. 1 SCHNIDER; C.O. 1

No. 10-3261
(D.C. No. 5:07-CV-03254-SAC)
(D. Kan.)

No. 10-3270
(D.C. No. 5:06-CV-03288-CM)
(D. Kan.)

GINAKON; JACKIE LOUGHRIDGE;
RHONDA PITTS; JANET MEYERS,
Health Care Admin.,

      Defendants-Appellees.

## ORDER

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

**TYMKOVICH**, Circuit Judge.

Michael Lee Strope, formerly known as Gordon Eugene Strope, is a prisoner of the State of Kansas appearing pro se and in forma pauperis (IFP). He has three civil appeals pending in this court, each of them filed in October 2010. He has not paid the filing fees for any of these appeals.

As explained below, we conclude that Mr. Strope is barred under federal law from proceeding IFP in these appeals because of a litigation history that includes at least three lawsuits previously dismissed for failure to state a claim. As a result, he must prepay the filings fee for each appeal he would like us to address on the merits, and he is allowed thirty days to pay the fees or each appeal will be dismissed.

**Discussion**

The Prison Litigation Reform Act of 1995 ("PLRA") requires all prisoners appealing decisions in civil actions to pay the full amount of the filing fees. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) (discussing 28 U.S.C. § 1915(b)(1)). Ordinarily, however, "indigent prisoners need not pay federal court filing fees in full prior to initiating . . . an appeal." *Id.* Rather, a prisoner proceeding IFP usually makes an initial partial payment and then pays the remainder of the filing fee in monthly installments. *See id.* However, "prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" *Hafed v. Fed. Bur. of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)). When a prisoner has accumulated three strikes, he has "struck out" from proceeding IFP in a new civil action or appeal. *Smith v. VA*, 636 F.3d 1306, 1308-09 (10th Cir. 2011) (internal quotation marks omitted).

PLRA's "three strikes" rule states that:

> [i]n no event shall a prisoner bring a civil action *or appeal a judgment in a civil action* or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

-4-

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger[.]" *Hafed*, 635 F.3d at 1176 (internal quotation marks omitted).

In each of the district court cases underlying Mr. Strope's current appeals, the district court granted his motion for leave to proceed on appeal IFP. But this court has "the discretion to revoke that privilege when it no longer serves its goals." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). And although § 1915(g) is not jurisdictional, *Garcia v. Silbert*, 141 F.3d 1415, 1417 n.1 (10th Cir. 1998), we may raise the issue of strikes sua sponte, *see Harris v. City of New York*, 607 F.3d 18, 22-23 (2d Cir. 2010).

Mr. Strope has filed seven civil actions while incarcerated which were dismissed for failure to state a claim upon which relief can be granted: (1) *Strope v. Pettis*, No. 5:2003-cv-03383 (D. Kan.), dismissed on November 23, 2004; (2) *Strope v. Hendry*, No. 5:2005-cv-03104 (D. Kan.), dismissed on November 9, 2005; (3) *Strope v. Sebelius*, No. 5:2005-cv-03247 (D. Kan.), dismissed on December 1, 2005; (4) *Strope v. Trammer*, No. 1:2005-cv-00079 (W.D.N.Y.), dismissed on July 1, 2005; (5) *Strope v. Wertz*, No. 3:1989-cv-01450 (M.D. Penn.), dismissed on April 26, 1990; (6) *Strope v. Freeman*,

No. 3:1989-cv-1451 (M.D. Penn.), dismissed on May 21, 1990; and (7) *Strope v. Freeman*, No. 3:1989-cv-01265 (M.D. Penn.), dismissed on January 22, 1990.

As a result of these seven past district court dismissals for failure to state a claim, Mr. Strope's eligibility to proceed IFP in this court in his current appeals was in doubt, and we ordered supplemental briefing from the parties to address whether any of the seven dismissals listed above constitutes a strike and, if so, when it ripened to count as a strike. Mr. Strope did not file a brief, as directed, waiving his opportunity to address the issues or show that he meets the "imminent danger" exception. Appellees filed a joint brief, however, and we have reviewed it. As explained below, we conclude that each of the seven dismissals listed above constitutes a "prior occasion" or "strike" within the meaning of 28 U.S.C. § 1915(g), that all of them ripened to be counted as strikes long before Mr. Strope brought any of his current appeals, and that there is no indication that he meets the "imminent danger" exception. As a result, Mr. Strope is barred by the "three strikes rule" from proceeding IFP in his current appeals, and each of them is subject to dismissal for failure to prosecute unless he first prepays the entire filing fee for it. *See Hafed*, 635 F.3d at 1175-76, 1180.

The first three actions listed above were all dismissed for failure to state a claim based on Mr. Strope's failure to plead and prove exhaustion of administrative remedies with regard to every claim asserted in the complaint. *See Strope v. Pettis*, No. 5:2003-cv-03383, Doc. 85, at 1; Doc. 86; *Strope v.*

*Hendry*, No. 5:2005-cv-03104, Doc. 6, at 12; Doc. 7; *Strope v. Sebelius*, No. 5:2005-cv-03247, Doc. 5, at 10; Doc. 6.  It was the law of this court at the time of these dismissals that a prisoner was required to plead and prove exhaustion of administrative remedies with regard to every claim asserted, and that his failure to do so was a failure to state a claim.  *See Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1184, 1188-90 (10th Cir. 2004) (examining total exhaustion rule); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (holding that prisoner's failure to plead and prove exhaustion was a failure to state a claim).  Thus, these three dismissals appear to be strikes.

This court was later overruled by the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 212-13 (2007), which held that a prisoner's failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement the prisoner must anticipate in his complaint.  *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (discussing *Steele* and *Jones v. Bock*).  This new rule does not apply to *Pettis*, *Hendry*, or *Sebelius* because it only applies to cases still pending on direct review.  As we explained, a new pronouncement "'must be given full retroactive effect [only] in all cases still open on direct review[.]'" *Anderson-Bey v. Zavaras*, 641 F.3d 445, 454 (10th Cir. 2011) (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

We have also concluded that "[t]his retroactivity doctrine applies even if the Supreme Court's decision is contrary to the precedent of this circuit." *Id.*

at 454-55. In *Pettis*, Mr. Strope filed an appeal to this court, No. 05-3046, which was dismissed for lack of jurisdiction on February 1, 2005. He did not file a petition for writ of certiorari to the Supreme Court, and his ninety-day time to file a petition for certiorari expired on May 2, 2005. *See* S. Ct. R. 13.1. Mr. Strope did not file an appeal from the district court's November 9, 2005, dismissal in *Hendry*, and his thirty-day time to appeal expired on December 9, 2005. *See* Fed. R. App. P. 4(a)(1). Mr. Strope also did not file an appeal from the district court's December 1, 2005, dismissal in *Sebelius*, and his time to appeal expired on January 2, 2006 (because the thirty-day deadline fell on a Saturday). *See* Fed. R. App. P. 4(a)(1); Fed. R. Civ. P. 6(a)(1)(C). In short, none of these cases was "'still open on direct review'" when *Jones v. Bock* was decided, and the new rule did not apply retroactively. *See Anderson-Bey*, 641 F.3d at 454 (quoting *Harper*, 509 U.S. at 97).

We have also held that, "absent constitutional defects," courts "are not at liberty to create exceptions to" Congress' unambiguous statutory language, even to prevent manifest injustice. *United States v. 1002.35 Acres of Land*, 942 F.2d 733, 737 (10th Cir. 1991). Nor is there any question that § 1915(g) is constitutional. *Dubuc v. Johnson*, 314 F.3d 1205, 1209 (10th Cir. 2003) (citing *White v. Colo.*, 157 F.3d 1226, 1232-25 (10th Cir. 1998)). In light of the plain and unambiguous language of § 1915(g), quoted above, the dismissals in *Pettis*, *Hendry*, and *Sebelius* are strikes.

The next question is when the dismissals in *Pettis*, *Hendry*, and *Sebelius* count against Mr. Strope as strikes. We have held that a dismissal ripens to be counted as a strike when the appellate process has been concluded or when the prisoner's time to appeal expired. *See Hafed*, 635 F.3d at 1176-77. In *Pettis*, that date is May 2, 2005. In *Hendry*, that date is December 9, 2005. And in *Sebelius*, that date is January 2, 2006.

The fourth action listed above was dismissed for failure to state a claim on July 1, 2005. *Strope v. Trammer*, No. 1:2005-cv-00079, Doc. 3, at 2; Doc. 4. We discern no reason why it does not count as a strike, and Mr. Strope waived his opportunity to challenge its application as a strike by not filing a brief, as directed. Mr. Strope did not file an appeal from the district court's dismissal, and it therefore ripened to count as a strike on August 1, 2005, when his time to appeal expired (because the actual deadline fell on a Sunday). *See* Fed. R. App. P. 4(a)(1); Fed. R. Civ. P. 6(a)(1)(C).

But Mr. Strope had already accumulated three strikes before that. The fifth through seventh actions on our list were also dismissed for failure to state a claim in 1990. *See Strope v. Wertz*, No. 3:1989-cv-01450, Doc. 21, at 1-2; *Strope v. Freeman*, No. 3:1989-cv-1451, Doc. 21, at 1-2; and *Strope v. Freeman*, No. 3:1989-cv-01265, Doc. 13, at 2. In each of these three cases, however, the docket sheet shows that the district court failed to enter a judgment on a separate document pursuant to Fed. R. Civ. P. 58 and that Mr. Strope did not file an

appeal.  The combination of the district court's procedural error and Mr. Strope's decision not to appeal creates a question as to when these dismissals ripened to be counted as strikes.

Then, as now, a litigant's time to file an appeal in a civil case ran from entry of judgment.  *See* Fed. R. App. P. 4(a)(1)(A) & (B); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).  But at the time of these dismissals in 1990 (and for several years after that), "a judgment [was] considered entered" *only* when it was "set forth . . . on a separate document[,]" pursuant to Rule 58.  *Schaefer*, 509 U.S. at 302-03 (internal quotation marks omitted).  As a result, a district court's failure to enter a judgment on a separate document meant that the time to appeal never began to run.  *See Williams v. Giant Eagle Mkts., Inc.*, 883 F.2d 1184, 1187 n.5 (3d Cir. 1989); *see also Schaefer*, 509 U.S. at 302-03.  To remedy this problem, Rule 58 was amended effective December 1, 2002, to establish a time at which a judgment is deemed to have been entered on the docket "to 'ensure that appeal time does not linger on indefinitely.'"  *Utah v. Norton*, 396 F.3d 1281, 1286-87 (10th Cir. 2005) (quoting Rule 58, Advisory Committee Notes, 2002 Amendments).  In light of the rule change, we conclude that these three dismissals count as strikes, but they ripened much later than the dates when they were originally filed.

Under the 2002 amendment to Rule 58, if a separate document is required but not entered, a judgment is deemed "entered" 150 days after the dispositive

order was filed, and then the losing party's time to appeal begins to run. *See* Rule 58(c)(2)(B). The revision went into effect on December 1, 2002. We conclude that judgment in each of these three dismissals was deemed "entered" under Rule 58 150 days later, and that Mr. Strope then had thirty days in which to file his notice of appeal. Thus, all three dismissals ripened to be counted as strikes 180 days after December 1, 2002, that is, on May 30, 2003.

Accordingly, Mr. Strope accumulated three strikes on May 30, 2003. We VACATE the district court's grant of leave to proceed IFP in each of these appeals, and we direct Mr. Strope to pay the full filing fee for any of these appeals in which he intends to proceed within thirty days of the date of this order. His failure to pay the filing fees as directed will result in the dismissal of the appeals for failure to prosecute.