**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID WILSON,

          Plaintiff-Appellant,

v.

STATE OF OKLAHOMA; CITY OF
OKLAHOMA CITY; COUNTY OF
OKLAHOMA; OKLAHOMA
COUNTY BOARD OF COUNTY
COMMISSIONERS; OKLAHOMA
COUNTY JAIL; OKLAHOMA CITY
POLICE DEPARTMENT; UNITED
STATES DEPARTMENT OF
JUSTICE; VETERANS
ADMINISTRATION HOSPITAL,
Oklahoma City; VETERANS
ADMINISTRATION OF
MUSKOGEE; VETERANS
ADMINISTRATION OF ST. PAUL;
FEDERAL BUREAU OF
INVESTIGATION, Oklahoma;
OKLAHOMA STATE BUREAU OF
INVESTIGATION,

          Defendants-Appellees.

No. 13-7061
(D.C. No. 6:13-CV-00117-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

     [*]     After examining the briefs and appellate record, this panel has
decided unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive

(continued...)

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

David Lee Wilson, proceeding pro se[1] and *in forma pauperis* ("IFP"), appeals from the district court's order dismissing his complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we **affirm**. We also **deny** Mr. Wilson's motion for appointed counsel as moot, and **revoke** his IFP status.

## I

Mr. Wilson has filed over forty frivolous or otherwise meritless lawsuits in the U.S. District Court for the Western District of Oklahoma since 2005. On November 29, 2012, after affording Mr. Wilson notice and an opportunity to respond, that district court imposed filing restrictions that (1) enjoined Mr. Wilson from filing pro se civil actions in the Western District; and (2) established a procedure under which any future pro se pleadings submitted by Mr. Wilson would be reviewed by the Chief Judge of the Western District. When Mr. Wilson attempted to file pro se pleadings on February 6, 2013, the Chief Judge "denied

---

[*] (...continued) value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] We construe Mr. Wilson's filings liberally because he appears pro se. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

approval for these cases to be filed," R. at 12 (Letter from Dist. Ct. Clerk, dated Feb. 13, 2013), presumably for noncompliance with these filing restrictions.

On March 22, 2013, Mr. Wilson filed a civil-rights complaint in the Eastern District of Oklahoma, pursuant to 42 U.S.C. § 1983, wherein he vaguely alleged, *inter alia*, "adverse possession[ ]" and "abuse of process" by several governmental defendants. *Id.* at 9–10 (Compl., filed Mar. 22, 2013). Mr. Wilson requested money damages, and injunctive relief—namely, for the court to allow "an investigation" and to "observe any filing" he might lodge. *Id.* at 9. Various defendants subsequently filed four separate motions to dismiss for failure to state an actionable claim.

On September 3, 2013, the district court issued an order dismissing the complaint with prejudice, concluding that Mr. Wilson (1) was improperly attempting an end-run around the Western District's filing restrictions; and (2) had stated no legally cognizable claim as to any defendant. This appeal followed.

## II

### A

"Generally speaking, we review de novo a district court's ruling on a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."[2] *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d

---

[2] While there appear to be multiple bases to uphold the district court's judgment, we deem it sufficient to hold that the district court correctly determined

(continued...)

3

1163, 1171 (10th Cir. 2011). In so doing, we "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006) (internal quotation marks omitted). Our task is to determine whether the plaintiff has alleged facts sufficient to make his claims facially plausible, which is the standard to avoid dismissal. *See Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted). In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (internal quotation marks omitted). When governmental entities are named as defendants, the plaintiff is obliged to "demonstrate a direct causal link

---

[2](...continued)
that Mr. Wilson's action fails to state a claim.

between the [entity's] action and the deprivation of federal rights." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (internal quotation marks omitted).

**B**

Our practice of liberally construing pro se filings "stops . . . at the point at which we begin to serve as [the plaintiff's] advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). It is not our office to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Moreover, we consider it beyond cavil that a district court "[does] not err in refusing to attempt to create order out of chaos[, i.e., when] [t]he complaint failed to state a claim under any conceivable matching of allegations." *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 372 (10th Cir. 1989).

Mr. Wilson's complaint can be fairly called chaotic for several reasons. Critically, the allegations contained therein do not "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each [defendant] with fair notice as to the basis of the claims." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotation marks omitted); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (stressing "the need for careful attention to particulars, especially in lawsuits involving multiple defendants"). Although Mr. Wilson makes known his desire to have appointed counsel so he

5

can investigate and serve various papers, he presents no facts or legal theories that might justify the relief he seeks. This deficiency is fatal, even in the pro se context. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) ("Although pro se complaints . . . are held to less stringent standards than formal pleadings drafted by lawyers, the [basic] pleading hurdle is not automatically overcome." (citation omitted) (internal quotation marks omitted)).

Mr. Wilson's complaint can also be construed as an attempt to re-litigate unsuccessful actions in the Western District involving his prior arrests and incarcerations. *See* R. at 84 n.1 (Order, filed Nov. 29, 2012) (enumerating several of his lawsuits which terminated with entries of final judgment). However, Mr. Wilson is not entitled to mount yet another challenge to the issues decided in those proceedings, or to any issues that *could* have been settled therein (if, indeed, that is what he seeks here). In this circuit, all claims stemming from one transaction "must . . . be presented in one suit or be barred from subsequent litigation." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (quoting *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)) (internal quotation marks omitted); *cf. Jarrett v. Gramling*, 841 F.2d 354, 357 (10th Cir. 1988) (noting our acceptance of the Oklahoma Supreme Court's view that "relief must be sought in one suit or stand barred by the prior adjudication"). We regularly uphold the dismissal of "vexatious, abusive, or *stubbornly litigious*" filings, *see Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1219 (10th Cir.

6

2010) (internal quotation marks omitted), and we are constrained to do the same in Mr. Wilson's case.

In sum, we conclude that the district court did not err in finding that Mr. Wilson failed to state a claim under Rule 12(b)(6) and that dismissal with prejudice was appropriate. We therefore affirm the district court's dismissal of Mr. Wilson's complaint on that basis.[3]

## C

Under the IFP statute, a federal district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees." 28 U.S.C. § 1915(a)(1). IFP status ensures "equal treatment for every litigant before the bar." *Coppedge v. United States*, 369 U.S. 438, 447 (1962). Nonetheless, "[l]eave to proceed without prepayment of fees and costs is a privilege," *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996), and we have "discretion to revoke that privilege when it no longer serves its goals," *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (internal quotation marks omitted). From our vantage point, despite fair and patient treatment by the district courts, Mr. Wilson

---

[3] We note that Mr. Wilson requested leave to supplement his opening brief with various handwritten documents that he attempted to file in our court on January 9, 2014. The motion does not explain why Mr. Wilson should be allowed to submit these documents when he has already filed a reply brief. Because the motion merely offers more frivolous allegations that bear no relation to Mr. Wilson's appeal, we **deny** it.

persists in vexatious litigation.  We therefore conclude that he is no longer entitled to IFP status and revoke it.

### III

We **affirm** the district court's with-prejudice dismissal of Mr. Wilson's complaint and, in light of our disposition of the matter, **deny as moot** Mr. Wilson's motion for appointment of counsel.  Mr. Wilson's IFP status is **revoked**, and he is ordered to pay any remaining balance of the appellate filing fee.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

8