**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CARLEOUS DARRELL CLAY,

    Plaintiff - Appellant,

v.

DR. L. LARES; DR. RUDOLPH;
UNITED STATES OF AMERICA; LT.
GONZALES; COUNSELOR ROBISON;
SIS TECH SONASTIEN; LT. WADE;
LAZAK; CHILDRESS; ADAMS;
WARDEN COLLOI; ANDRE
MATEVOUSIAN; CARRIE BASAS; M.
ED; DEPARTMENT OF JUSTICE
(INVESTIGATION UNIT); CENTRAL
OFFICE ADMINISTRATIVE REMEDY
COORDINATOR; OFFICERS
INSPECTOR GENERAL; DENISE; PREA
RESPONDER AND COORDINATOR;
DR. OBA; E. JACKSON,

    Defendants - Appellees.

No. 23-1151
(D.C. No. 1:22-CV-02657-LTB-KLM)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.

_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carleous Darrell Clay appeals pro se from the district court's dismissal without prejudice of his amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss his appeal as frivolous and assess one strike under 28 U.S.C. § 1915(g). We deny all of Clay's pending motions.

## I.    Background

Clay is a federal prisoner housed at the ADMAX United States Penitentiary in Florence, Colorado. He filed a 26-page complaint asserting claims against Dr. L. Lares, his prison psychologist. A magistrate judge screened Clay's complaint under 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e(c) and found it to be defective. In particular, Clay's complaint did not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[e]ach allegation must be simple, concise, and direct." Rule 8(d)(1). The magistrate judge also advised Clay that his complaint must make clear each defendant's personal participation in any alleged constitutional violation by alleging who did what to whom. The magistrate judge ordered him to file an amended complaint.

Clay responded to the magistrate judge's order by filing a 37-page complaint naming over 20 new defendants in addition to Dr. Lares. Screening this amended complaint, the magistrate judge concluded that all of Clay's claims stem from allegations that the Bureau of Prisons (BOP) had implanted an electronic device inside Clay's body to torture and sexually assault him. According to Clay, this device was originally controlled by BOP officials but is now controlled by other

2

inmates, who continue to use it to torture and sexually assault him.  The magistrate judge recommended dismissal of Clay's amended complaint without prejudice because (1) it failed to comply with Rule 8's short-and-plain-statement requirement; (2) it failed to allege personal participation by each defendant; (3) it was premised on wholly incredible factual allegations; and (4) some of the claims were barred by sovereign immunity.

Clay filed objections to the magistrate judge's Recommendation.  The district court held that he did not "point to a specific factual or legal error in the Recommendation."  R. at 163.  Instead, Clay improperly "attempt[ed] to add allegations and attach documents not set forth in the operative pleading."  *Id.* at 162.  The court held that "it is well established that Plaintiff may not amend his complaint by adding factual allegations, documents, or legal theories through objections to the Recommendation."  *Id.*  It overruled Clay's objections, adopted the Recommendation, and dismissed the amended complaint without prejudice.

## II.    Discussion

We review de novo the sua sponte dismissal of a prisoner's complaint under § 1915(e)(2).  *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).  "Rule 8(a) dismissals are reviewed for an abuse of discretion."  *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).  Because Clay proceeds pro se, we liberally construe his filings, but we do not act as his advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Clay's appeal brief fails to point to a factual or legal error in the district court's judgment. He does not address the court's holding that his amended complaint did not comply with Rule 8's short-and-plain-statement requirement. He also fails to point to allegations *in his amended complaint* that show how each defendant personally participated in the alleged constitutional and legal violations. Clay does not challenge on appeal the district court's finding that the factual allegations in his amended complaint were wholly incredible. Nor does he demonstrate that his amended complaint alleged facts sufficient to show a waiver of sovereign immunity as to some of his claims. Thus, his appeal fails to address any of the district court's bases for dismissal. We dismiss Clay's appeal as frivolous.

Under 28 U.S.C. § 1915(g), a prisoner shall not

bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prisoners obtain a "strike" under § 1915(g) when an action or appeal in federal court was dismissed on one of the grounds listed in that section. *See Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011). We assess a strike against Clay under § 1915(g) based upon his filing of a frivolous appeal. *See Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002) (assessing a strike for the dismissal of a frivolous appeal). We remind Clay that if he accrues three strikes, he will no longer

4

be able to proceed in forma pauperis (*ifp*) in any civil action filed in a federal court unless he is in imminent danger of physical injury. *See* § 1915(g).

## III.    Conclusion

We dismiss Clay's appeal as frivolous and assess a strike under § 1915(g). We deny his motion to proceed *ifp* and order him to immediately pay the fees and costs for this appeal in their entirety. We deny Clay's second motion to appoint counsel and his motion to further amend his complaint.

Entered for the Court

Nancy L. Moritz
Circuit Judge